**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-5332-GW-JCx | Date August 27, 2021 |
| Title *HCMS, Inc., et al. v. Los Angeles Yacht Charters, et al.* | Page 1 of 1 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER**

Plaintiff HCMS, Inc., filed this action against Defendants Los Angeles Yacht Charters and Geoffrey Emery in state court raising a single cause of action for violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* based upon the Defendants' alleged operation of their vessel in violation of various safety codes and regulations. *See* Complaint attached as Exhibit 1 to Notice of Removal ("NOR"), ECF No. 1. Defendants removed the matter to federal court on the bases of federal question jurisdiction under 28 U.S.C. § 1331 and admiralty jurisdiction under 28 U.S.C. § 1333(a). *See* NOR at ¶¶ 6-11.

The Court issued an Order to Show Cause ("OSC") stating that there was no foundation for federal question jurisdiction since Plaintiff brought a single cause of action under state law and, while a violation of a federal law was one basis for the state claim, it was not a necessary element for the claim – citing to *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). *See* ECF No. 15. The Court asked Plaintiff to respond as to whether it planned to contest the existence of admiralty jurisdiction. *Id.*

Plaintiff filed a response indicating that the existence of an admiralty claim (other than an in rem admiralty claim) does not make a case filed in state court removable to federal court. *See* ECF No. 17. The Court would generally agree. *See Dirkse v. Nu Venture Diving Co.*, No. LA CV17-08554-JAK- (MRWx), 2018 WL 6133683 (C.D. Cal. May 21, 2018).

Defendants have now filed a Reply indicating that they "do not object to Plaintiff's decision to continue the action in the California State court;" and that they "request that Monday's 08/30/2021 scheduling conference at 8:30 a.m. be taken off calendar and that the matter be remanded to the Los Angeles Superior Court." *See* ECF No. 20.

In light of the above, the Court orders that: (1) the August 30, 2021 OSC re jurisdiction and Fed. R. Civ. P. 26(f) scheduling conference be taken off-calendar; and (2) this action be remanded forthwith back to state court for lack of subject matter jurisdiction.